Filed 9/22/21  P. v. Glover CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DAILYN GLOVER,<br><br>        Defendant and Appellant. | A162670<br><br>(Sonoma County Super. Ct.<br>No. SCR7417021) |

Defendant Dailyn Glover appeals from a judgment entered after he pleaded no contest pursuant to a plea agreement to two counts of injury to a girlfriend or child's parent and one count of dissuading a witness from reporting a crime.  Glover's court-appointed counsel has asked this court to independently examine the record in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) to determine if there are any arguable issues that require briefing.  Glover's counsel informed him of his right to file a supplemental brief, and he did not do so.  We have independently reviewed the record in accordance with our *Wende* obligations and find no arguable issues.  We thus affirm.

Glover and Jane Doe started dating when they were both 13 years old and eventually had a child together. Their relationship ended for several years when Glover was sent to prison, but was rekindled in 2017. In April of 2019, Glover was paroled and began living with Jane Doe. Soon afterward, Glover began displaying "odd and unusual behavior" and began accusing Jane Doe of cheating on him. These arguments escalated to violence and Jane Doe was "punched, strangled, pushed, and threatened by the defendant causing bruises on her arms, neck, and face." Jane Doe reported numerous incidents of domestic violence, including one in July of 2020, in which Glover grabbed her by the neck and pinned her in the corner of the bedroom, put a chair in front of the bedroom door and told her she could not leave, and "antagonize[d] [her] about 'calling the cops' and called her a 'Narc' and threatened to kill her or have someone kill her if she 'snitched' on him or called the police." In another incident in August, Glover again placed a chair in front of the bedroom door and prevented Doe from sleeping by pulling the covers off of her and pushing her back onto the bed every time she attempted to stand up. In August of 2020, Jane Doe reported domestic violence to the Santa Rosa Police and Glover was placed under arrest.

On October 16, 2020, a felony complaint was filed in Sonoma County Superior Court charging Glover with four counts of injury to a girlfriend or child's parent (Pen. Code, § 273.5, subd. (a))[2] (counts 1, 4, 7, and 8), two counts of felony dissuading a witness from reporting a crime (§ 136.1, subd. (b)(1)) (counts 2 and 6), and two counts of false imprisonment by violence (§ 236) (counts 3 and 5). The complaint further alleged that Glover

[1] The factual background is drawn from the presentence report.

[2] Further undesignated statutory references are to the Penal Code.

had four previous convictions for serious or violent felonies (§ 667, subds. (a), (d) & (e)).

On February 22, 2021, Glover entered into a written plea agreement whereby he agreed to plead no contest to counts 1, 2, and 8 and admit one strike prior in exchange for a sentence of eight years, with the remaining charges to be dismissed. The plea agreement was memorialized in a standard form, signed by Glover, his attorney, the district attorney, and the trial judge. Glover initialed various statements on the form, including a detailed description of the agreed-upon sentence, waivers of his constitutional rights, and acknowledgements of the consequences of the plea. The trial court also engaged in a colloquy with Glover, confirming that he had discussed the plea with his attorney, that he was waiving his rights in order to enter the plea, and that he was not made any promises or threatened in connection with the plea. The court found Glover was entering his plea and waiving his rights freely, voluntarily, knowingly, and intelligently. When the trial court asked defense counsel whether there was a factual basis for the plea, Glover answered "Yes."

In advance of sentencing, the probation department prepared a presentence report providing a detailed narrative of the charged offenses as well as a description of Glover's criminal history, a description of his history of substance abuse, including his extensive and problematic use of alcohol, cocaine, and methamphetamine, and his statement as well as that of Jane Doe.

Sentencing took place on May 4, 2021. After the trial court indicated its intention to impose the agreed-upon sentence, Jane Doe addressed the court, stated that she did not agree with the negotiated sentence because she believed rehabilitation would be more beneficial than a prison sentence, and

asked that the no contact order be dropped so that she and Glover could communicate, including regarding their child and grandchild. The prosecutor also addressed the court to note that Glover could have received a sentence of 25 years to life, and that in coming to the negotiated resolution, the prosecution found it "very important" that Glover took responsibility early on in the case before the preliminary hearing took place.

The trial court then sentenced Glover to eight years in prison in accordance with the plea agreement, calculated as follows: the middle term of three years, doubled to six years on count 1; the middle term of two years, doubled to four years on count 2, to run concurrently to count 1; and, one-third the middle term of three years, doubled to two years on count 8, to run consecutively. The court awarded 252 days of actual credit and 252 days of conduct credit for a total of 504 days. The trial court imposed the statutory minimum $300 restitution fine (§ 1202.4), a suspended $300 parole restitution revocation fine (§ 1202.45), a $40 court operations assessment (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373). The trial court also modified the protective order to permit peaceful contact between Glover and Jane Doe.

On May 13, Glover filed a notice of appeal, checking a box to indicate that the appeal was "based on the sentence or other matters occurring after the plea that do not affect the validity of the plea. (Cal. Rules of Court, rule 8.304(b).)" Glover's notice of appeal also included a request for a certificate of probable cause, asking that he "be resentenced to a lower term with a chance to attend a drug treatment program." The trial court did not rule on the request.

## DISCUSSION

We have reviewed the record on appeal for any arguable issues.

4

Defendant was sentenced after a no contest plea and requested, but did not obtain, a certificate of probable cause. Any issues as to the validity of his plea are not before us. (§ 1237.5.) The written plea agreement contains detailed waivers of Glover's rights and acknowledgements of the consequences of his plea, initialed and signed by Glover. Before entering his no contest plea, defendant confirmed that he was waiving these rights in order to enter his plea, and there is no indication he did not understand his rights, including the rights he was waiving. The court found defendant had knowingly, voluntarily, and intelligently waived his rights and that his plea was voluntary. There was a factual basis for the plea.

The sentence imposed is authorized by law. Custody credits appear to have been calculated correctly. However, the abstract of judgment incorrectly reflects a two-year sentence on count 2, rather than the four-year sentence actually imposed. Accordingly, we will order the trial court to correct the abstract of judgment. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185–188.)

Based on our review of the record, defendant was represented by competent counsel who acted to protect his rights and interests.

We conclude there are no arguable issues within the meaning of *People v. Wende, supra,* 25 Cal.3d 436.

## DISPOSITION

The trial court is directed to prepare an amended abstract of judgment reflecting that a four-year sentence was imposed on count 2 and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

5

_____

Richman, J.

We concur:

_____

Kline, P.J.

_____

Stewart, J.

*People v. Glover* (A162670)

6